UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

United States District Court
District of Connecticut
FILED AT   NEW HAVEN
May 15         20 13
Roberta D. Tabora, Clerk
By_____
Deputy Clerk

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) Case No. 3:12-cv-01317-CSH |
| DEER HILL FINANCIAL GROUP, LLC and STEPHEN B. BLANKENSHIP, | )<br>)<br>)<br>) |
| Defendants. | )<br>)<br>) |

### FINAL JUDGMENT AS TO DEFENDANT STEPHEN B. BLANKENSHIP

The Securities and Exchange Commission having filed a Complaint and Defendant Stephen B. Blankenship having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 15(a) of the Securities Act [15 U.S.C. § 78o(a)] by, while acting as a broker-dealer, effecting transactions in or inducing or attempting to induce the purchase or sale of securities when such persons or entities are not registered with the Commission as a broker or dealer or when such persons are not associated with an entity registered with the Commission as a broker-dealer.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 [15 U.S.C. § 80b-6(1) and (20)] by, while acting as investment adviser, directly or indirectly employing devices, schemes, or artifices to defraud any client or prospective client, or engaging in transactions, practices, or courses of business which operate as a fraud or deceit upon any client or prospective client.

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $607,516.81 representing profits gained as a result of the conduct alleged in the Complaint. Disgorgement is deemed satisfied by the order of restitution entered on December 5, 2012 in the related criminal case, <u>United States v. Stephen B. Blankenship</u>, Criminal No. 12-cr-00197-VLB (District of Connecticut).

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: May 15, 2013

/s/ Charles S. Haight, Jr.
UNITED STATES DISTRICT JUDGE